*In re* WALKER'S ESTATE.

WALKER *v.* HINCKLEY.

1. WILLS—UNDUE INFLUENCE—DIRECTED VERDICT.
   Verdict in will contest *held*, properly directed for proponent as respecting issue of undue influence, where contestant offered no testimony that testator was under such influence.

2. SAME—INSANE DELUSIONS.
   Issue as to insane delusion in will contest *held*, properly withheld from jury, where testimony as to mental aberrations is not such as to permit reasonable inference that they had a bearing upon the framing of the will.

3. SAME—TEST OF MENTAL CAPACITY.
   The test of mental capacity to make a will is that testator must have sufficient mental capacity to enable him to know what property he possesses and of which he is making a testamentary disposition, to know who are the natural objects of his bounty, and understand what the disposition is he is making of his property.

4. SAME—MENTAL CAPACITY—DIRECTED VERDICT.
   On appeal in will contest case from directed verdict for proponent record *held*, to fail to disclose any evidence of lack of mental capacity of testator to make will involved at the time of its execution.

5. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from directed verdict testimony must be considered most favorably to one against whom verdict was directed.

6. WILLS—BURDEN OF SHOWING MENTAL INCOMPETENCY.
   Burden of establishing lack of mental competency is on contestant.

7. SAME—MENTAL COMPETENCY—PRESUMPTIONS.
   Mental competency is presumed (3 Comp. Laws 1929, § 14212).

8. EVIDENCE—MENTAL INCOMPETENCY—LAY WITNESS.
   Refusal to allow lay witness to testify as to mental incompetency of testator to plan and execute contested will *held*, not error.

9. Same—Mental Competency—Nonexpert Witness.

    A nonexpert witness should not be allowed to testify that a testator was mentally incompetent until such witness has first testified to facts inconsistent with testator's mental competency.

Appeal from Barry; McPeek (Russell R.), J. Submitted September 18, 1934. (Docket No. 139, Calendar No. 37,968.) Decided January 7, 1935.

Petition for probate of the will of Brion Walker, deceased, by Augusta M. Hinckley. Jacob Walker filed objections thereto. Certified to circuit court for trial. Directed verdict and judgment for proponent. Contestant appeals. Affirmed.

*Kim Sigler*, for proponent.

*Adelbert Cortright*, for contestant.

North, J. This is an appeal in a will contest. Brion Walker died November 9, 1932, at the age of 83 years. He was a widower and physically enfeebled by his advanced years. In 1926 he went to Ann Arbor for an operation on his eyes. This did not bring him much relief and his eyesight failed to such an extent as to impair his activities. He owned a farm of 40 acres and the fields seem to have been cropped by various persons. Upon his return from Ann Arbor in 1926 Mr. Walker went to live with Augusta Hinckley who resided in the same neighborhood. In January, 1931, he went to reside in the home of Mr. George Seger and remained there until April, 1931. During the following summer and the latter part of the year he again resided with Miss Hinckley; but later he returned to the Seger home and remained there until the 10th of May, 1932. From this date until his death he lived with Mr. Adam Endress.

While at the home of George Seger, Mr. Walker suffered a stroke (February 5, 1932) and was very much enfeebled thereby. For a month thereafter Richard Beeler, a nephew of Brion Walker, was employed to assist in his care; and thereafter a Mr. Peter A. Thomas acted in like capacity until deceased left the Seger home, May 10, 1932. Following his stroke he needed assistance in looking after his property. A power of attorney was given on March 24, 1932, to Peter A. Thomas. Mr. Walker had previously made a will which had been left in the keeping of a bank. He asked Mr. Thomas to get this will for him. This was done. Under the direction of Mr. Walker, Thomas burned the will. April 8, 1932, at Mr. Walker's request a scrivener, Mr. Brayton, was summoned by Thomas to draw another will, the one here in suit. This will was prepared in the Seger home. At the time there were present in the home, besides the testator and the scrivener, the following persons: Mr. and Mrs. Seger, Mr. and Mrs. Thomas. None of the four last named persons was in the room at the time the will was prepared. Upon objection to the probate of the will the proceeding was certified to the circuit court and trial had before a jury. The contestant waived proofs as to the formality of execution and proceeded at once with his proofs. At the conclusion of the testimony presented in behalf of contestant the circuit judge upon motion of the proponent directed the jury to render a verdict sustaining the will. The contestant, Jacob Walker, has appealed.

Validity of the will is attacked on the grounds of undue influence and fraud, insane delusion and testator's lack of testamentary capacity. The controlling question presented by this appeal is whether, in view of the testimony given, the circuit judge com-

mitted error in directing a verdict in favor of proponent.

In his former will, the one which was burned, Mr. Brion Walker had bequeathed his 40-acre farm to his brother, Jacob Walker, contestant herein; and after provision for burial expenses, etc., had left the balance of his estate to a nephew, Richard Beeler. In the will here in suit the testator gave his 40-acre farm and $1,000 to Miss Augusta M. Hinckley; and, except for several small bequests, he made her the residuary legatee. This will contained a bequest of $1 to Jacob Walker, the contestant herein, and a like bequest to Richard Beeler, who had been the principal beneficiary under the former will.

Review of this record discloses that the contestant offered no testimony whatever tending to sustain his attack upon the will on the ground of undue influence, therefore the trial court properly directed a verdict as to this phase of the case.

While there is some testimony disclosing that at or about the time the will was made the testator imagined certain things which in fact did not exist, still the record is absolutely barren of any testimony tending in the least to indicate that such delusions or hallucinations affected the making of this will. There is testimony that on several occasions the deceased would say that during the night time men were at his window with trucks, that people were in his bedroom, a very large man, and that they were after his pants and his pocketbook. There is other testimony of like character. It may be conceded that this testimony was indicative of an abnormal mentality, but in the absence of testimony from which it may be reasonably inferred that such mental aberrations had a bearing upon the framing of this will, it should not be set aside on the ground

of an insane delusion.  *Fraser* v. *Jennison,* 42 Mich.
206; *In re Ferguson's Estate,* 239 Mich. 616.   It
follows that the trial judge ruled correctly in not
submitting this issue to the jury.

The remaining question presented by this appeal
is whether the trial judge committed error in not
submitting to the jury the question of the testator's
mental capacity to make the will in question.   The
test of mental capacity to make a testamentary dis-
position of one's property has been stated many
times by this court.   In general the requisite is
that the testator must at the time of making his
will have sufficient mentality to enable him to know
what property he possesses and of which he is mak-
ing a testamentary disposition, to consider and know
who are the natural objects of his bounty, and to
understand what the disposition is that he is mak-
ing of his property by his will.   Careful review of
this record fails to disclose any testimony showing
or from which it could fairly be inferred that Brion
Walker at the time he made the will here in contest
did not understand and comprehend sufficiently what
property he possessed and of which he was making
a testamentary disposition, or that he did not have
in mind his relatives or the natural objects of his
bounty, or that he did not fully understand the dis-
position he was making of his property by this will.
In arriving at this conclusion we have been mindful
of the rule that since the verdict for proponent was
directed the testimony on review must be considered
most favorably to contestant.   However, the burden
of establishing lack of testamentary capacity is on
the contestant.   Mental competency is presumed.
3 Comp. Laws 1929, § 14212; *In re Curtis' Estate,*
197 Mich. 473; *Brereton* v. *Estate of Glazeby,* 251
Mich. 234.   As noted above, we think this record is

entirely devoid of testimony from which the jury could justly find that at the time he executed this will Brion Walker was mentally incapacitated to make the testamentary disposition of his property contained in his will.

In view of our conclusion as set forth in the next preceding paragraph, it follows that the trial court was not in error in refusing to allow a lay witness to testify as to the incompetency of the testator to plan and execute the will now being contested. This court has repeatedly held that a nonexpert witness should not be allowed to testify that in his opinion a testator was mentally incompetent until such witness had first testified to facts inconsistent with the testator's mental competency. *Hibbard* v. *Baker,* 141 Mich. 124; *In re Estate of Trombley,* 251 Mich. 117.

Judgment entered in the circuit court is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.